UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE
CASE NO. 7:07-CR-13-1 GFVT
ELECTRONICALLY FILED

UNITED STATES OF AMERICA            PLAINTIFF

VS.          SENTENCING MEMORANDUM

DAVID L. BOWLING and
DAVE'S CONCRETE PRODUCTS &
SEPTIC SERVICES, INC.            DEFENDANTS

**************

       Comes the Defendant, by counsel, and for his sentencing memorandum pursuant to 18 U.S.C. 3553, states as follows:

       The Defendant asserts that a sentence less than the guideline range set forth in the presentence investigation should be imposed when considering all the factors from § 3553 that are applicable in this matter. As this Court is well aware, this Court is directed to impose a sentence sufficient but no greater than necessary to comply with the provisions of § 3553. United States vs. Hairston, 502 F.3d. 378, 385 (6th Cir. 2007).

       The first factor that the Defendant would request that this Court consider is the nature and circumstances of the offense. 18 U.S.C. 3553 (a)(1). Specifically, the Defendant would point out to this Court that there have been much greater environmental damage from others than from this Defendant. The Defendant does not wish to in anyway suggest that his conduct was not serious or that it did not have a negative environmental impact. He acknowledges those facts and is seeking to do what he can to

demonstrate the sincerity of his acceptance of responsibility and positively impact the environment, as will be set out in full below.  Nonetheless, it is worth noting that in very close proximity to the events that occurred in this case there were very significant assaults on the environment.   Martin County Coal in October 2000 devastated the communities of Coldwater and Wolf Creek in Martin County, Kentucky through a devastatingly huge slurry spill.  The United States Attorney Office is well aware that there is convincing if not overwhelming evidence that agents of Martin County Coal deliberately misled regulators as to the thickness of the barrier wall, which caused the environmental disaster.

Additionally, Ashland Oil through its conduct has irradiated the entire Martha community. Indeed, there is a video tape wherein supervisors of Ashland Oil can be seen pumping radiated water into the Blaine Creek which runs into Yatesville Lake.  Once again, the United States Attorney's Office is well familiar with this evidence, based on their involvement with the Martha Reclamation Plan.  Neither of these corporate actors were criminally charged for their egregious conduct, which caused substantially more damage to the environment then was caused in the instant case.  Comparing such conduct egregious comparative conduct does not diminish what was done by this Defendant, but it does put a good perspective on the acts at issue here.

Other factors to be considered under § 3553, the history and the characteristics of the Defendant.  18 U.S.C. 3553 (a)(1).  It has been held that extraordinary post offense rehabilitation efforts can be an appropriate basis to vary from a guideline sentence. Hariston, 502 F.3d at 383-384.  Additionally, payment of restitution of such an

exceptional degree such that it is not typical or usual as supported a departure.  U.S. vs. Hariston, 96 F.3d 102, 108 (4th Cir. 1996).

In this case, the Defendant has undertaken to clean up another unrelated environmental mess to demonstrate his acceptance of responsibility and to provide a basis for this Court to vary his sentence below the guideline range.  Specifically, one of his companies, or a contractor retained by him will provide the labor and equipment to remediate five package treatment plants at issue in Environmental and Protection Cabinet vs. Jeffery Lance Bowling, et al, Franklin Circuit Court, Division NO. I, Civil Action No. 05-CI-1007.  The five package treatment plants at issue were originally owned by Jeffery Lance Bowling, who is this Defendant's son.  They are now being operated by Special Master on behalf of the Franklin Circuit Court.  The Franklin Circuit Court has noted that the package treatment plants presents serious environmental problems as a result of their age and condition.  The best solution to remediate the environmental problem would be to connect them to sanitary sewer lines for which this Defendant has agreed to provide the labor and equipment.  A copy of the most recent order reflecting the status of that case is attached hereto and incorporated herein.   As is noted in that order, the initial estimates of the value to be contributed by this Defendant for three of the five treatment plants is approximately $200,000.00.  It is expected that the amount for the two remaining plants would be a similar total.  This Defendant does note that his work does assist his son, but he is certainly under no legal obligation to do so.  In fact, it would appear that Jeffery Lance Bowling is essentially judgment proof and that without the intervention of this Defendant that there would not be a way to remediate the package treatment plants in

Johnson County, Kentucky at issue in the Franklin Circuit Court action.

Thus, based upon his voluntary acceptance of additional responsibility for the clean up of the package treatment plants at issue in the Franklin Circuit Court action, this Defendant respectfully request that this Court give him a sentence that does not involve jail time so that he can complete the remediation work as agreed to. Alternatively, he would request some alternative sentence that would allow him to remain in the community and do that work.

RESPECTFULLY SUBMITTED,

S;/NED PILLERSDORF
PILLERSDORF, DEROSSETT & LANE
124 WEST COURT STREET
PRESTONSBURG, KENTUCKY 41653
PH: (606) 886-6090

CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing Motion was served via electronically to: CLERK, UNITED STATES DISTRICT COURT, Pikeville Division, 110 Main Street, Suite 203, Pikeville, Kentucky 41501; and via mail delivery to Dave Bowling, this the 25th day of February, 2008.

S:/NED PILLERSDORF