NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

No. 08-5300

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Dec 08, 2008
LEONARD GREEN, Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff-Appellee, | ) ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF KENTUCKY |
| v. | |
| DAVID L. BOWLING, | |
| Defendant-Appellant. | |

O R D E R

Before: GUY and GRIFFIN, Circuit Judges; WATSON, District Judge.*

David L. Bowling, a federal prisoner, appeals through counsel the sentence imposed following his 2007 guilty plea to a charge of knowingly discharging a pollutant into the waters of the United States without a permit. The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).

Bowling owned a septic tank service company. He was found discharging untreated sewage from a company truck into a creek. He admitted having engaged in similar discharges on previous occasions. Bowling entered a plea to the above charge, on behalf of himself and his corporation. He was sentenced to twelve months and one day of imprisonment and a fine of $260,000. The company was fined $130,000 and was placed on probation. Bowling filed a notice of appeal, in which he was listed as the only appellant. In his brief, Bowling challenges the enhancement of his base offense level based on repetitive conduct, and alleges that the fines against both himself and the company were excessive because he remediated the pollution at his own expense and the government did not incur cleanup costs.

---

*The Honorable Michael H. Watson, United States District Judge for the Southern District of Ohio, sitting by designation.

No. 08-5300
- 2 -

Bowling first argues that the district court erred in enhancing his base offense level due to repetitive conduct. However, at the sentencing hearing, counsel for Bowling affirmatively stated that there was no objection to the repetitive conduct enhancement. Because Bowling cannot take a different position on appeal than he espoused before the district court, review of this issue has been waived. *United States v. Aparco-Centeno*, 280 F.3d 1084, 1088 (6th Cir. 2002). Moreover, Bowling's argument on this point is without merit. He relies on *United States v. Phillips*, 367 F.3d 846, 857 (9th Cir. 2004), which remanded for the district court to consider an increase in the offense level based on cleanup costs. There was no enhancement in this case for cleanup costs. The enhancement cited in the brief was for repetitive conduct, the issue which counsel expressly waived at sentencing.

Next, Bowling argues that his fine was excessive. However, he raised no objection to the fine in the district court, and it can therefore be reviewed only for plain error. *United States v. Ely*, 468 F.3d 399, 401-02 (6th Cir. 2006). No plain error is apparent here. Bowling argues only that the district court failed to consider that he almost finished remediating the site at his own expense, and that the government did not incur cleanup costs. However, review of the transcript shows that the district court considered both of these points in imposing the sentence.

Finally, Bowling attempts to challenge the fine imposed against his company. Because he did not file a notice of appeal on behalf of the company, we lack jurisdiction to address this argument. *United States v. Warner*, 10 F.3d 1236, 1240 (6th Cir. 1993).

For all of the above reasons, the sentence imposed by the district court is affirmed.

ENTERED BY ORDER OF THE COURT

Leonard Green
Clerk